MR. JUSTICE DALY
delivered, the Opinion of the Court.
Defendant Prank J. Billmayer brings this appeal from a judgment of the district court of Blaine County, entered on a jury verdict in the amount of $1,440 in favor of plaintiff, Equity Cooperative Association.
The litigants entered into a written contract on September 25, 1970, which provided for the sale of 20,000 bushels of barley at the price of $1.40 per 100 pounds for 48 pound barley or better. The contract signed by Frank J. Billmayer as seller, and by Gerald McNutt as general manager and agent of Equity Cooperative Association as buyer, was on a printed form entitled “Contract of Sale”. The delivery date and total dollar amount blanks of the contract were crossed out and not completed. Testimony of litigants indicated they understood the grain would be picked up by the buyer at the seller’s-ranch at such time and as soon as trucks became available to haul it, and payment would be made after physical transfer was completed and the grain weighed. Gerald McNutt stated this was the usual business practice of Equity Cooperative-Association, but that payment could be made to the seller upon, his request prior to pick up of the grain.
Defendant Billmayer testified that he had made no demand for payment on the contract, nor had provision been made to-have the grain picked up on or by any certain date. In early November defendant sold the barley to another elevator company at a price more favorable to him than the price he had accepted from Equity Cooperative Association.
Plaintiff brought action for damages based on loss of commission profits from the grain purchase. Defendant’s cross- *472 claim for damages for the expense of hauling the grain to market was dismissed on plaintiff’s motion.
The issue presented to this Court on appeal is whether the trial court erred in denying defendant’s motions for a judgment notwithstanding the verdict and for a new trial. The controlling issue is the precise time that title to the grain passed, i. e. at the time of the execution of the contract or at the time of delivery to the elevator.
The contract executed by the parties and received in evidence is clear and unambiguous on its face as a “Contract of Sale” and not a “Contract for Sale”. Delivery was to be made by defendant and accepted by plaintiff at defendant’s farm at a price certain for 100 pounds. Full settlement for total price contemplated market premiums or discounts and any advance payment.
Additionally, the testimony of defendant Billmayer established that he considered the grain sold upon his signing the contract of sale, and no further performance was required on his part. He stated he understood the problem of arranging for trucks to pick up the grain and agreed to the indefinite pickup date. He stated he personally had requested two delays in the pick-up date of the grain during periods he was away from his ranch. Further, he never made any demand for payment or for pick-up of the grain, although he had contacted Gerald McNutt on different occasions concerning the pick-up. Nor had he otherwise notified Equity Cooperative Association prior to his sale of the grain early in November.
By reason of the foregoing we find substantial credible evidence to support the jury finding that title to the grain passed upon the execution of the contract of sale.
The judgment of the district court is affirmed.
MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICE HASWELL, concur.